RIVES, APPELLANT, *v.* KRUPZSIELD;
TOLEDO TRUST BANK; APPELLEE.

(No. L-89-030—Decided
September 15, 1989.)

*William T. Maloney,* for appellant.
*Mark R. Tantari,* for appellee.

ABOOD, J. This is an appeal of a judgment of the Small Claims Division of the Toledo Municipal Court dismissing plaintiff-appellant's complaint for money for the improper charging of a joint and survivorship account for the debt of a codepositor.

Appellant sets forth one assignment of error:

"The Lower Court erred in failing to conclude that the Defendant-Bank improperly charged the Plaintiff's account for the debt of another."

The undisputed facts that are material to the issues on appeal are as follows. On March 31, 1986, appellant, Bonnie I. Rives, went to a branch office of appellee, Toledo Trust Bank (now Trustcorp Bank, Ohio), to open a savings account. In discussing the mat-

ter with a branch officer, appellant, who was in her mid-sixties, stated that it would be nice if her son Richard could withdraw funds from the account for her in case of an emergency. The bank officer responded that this could be arranged by the establishment of a joint and survivorship account titled in the names of Bonnie I. Rives and Richard A. Rives. Appellant agreed and the bank officer prepared the signature card. Appellant signed the card and proceeded to open the account by depositing $600. Sometime thereafter, appellant's son Richard signed the signature card on the line marked "2nd signor."

Both the signature card and the bank's "Rules and Regulations" brochure, which is given to all depositors whenever an account is opened, contain the following language:

"I/We hereby agree to adhere to and be bound by the Bylaws, Rules and Regulations of The Toledo Trust Company ('Bank') governing this account, now in effect and as from time to time amended to [*sic*] changed, subject to any and all relevant regulations or laws, and as indicated by the provisions applicable to this account set forth on the reverse side hereof. 'Depositor' shall be defined as a person in whose name an account is carried. Any indebtedness now or hereafter owing to the Bank by a Depositor, either individually or jointly, may be charged to any account in the name of such Depositor and another or others."

In keeping with the bank's usual practice, neither the above-quoted language nor the subject of "setoffs" generally was discussed or explained in any way by the bank officer when the account was being opened.

On or about August 5, 1987, the bank removed the sum of $600 from appellant's savings account and applied it on a debt owed to the bank by

her son, Richard A. Rives. The bank did not notify appellant of the withdrawal before or after it was made. Several months later when appellant went to make a withdrawal she discovered that the funds had been withdrawn.

Appellant brought suit against the bank in the Small Claims Division of the Toledo Municipal Court and the court, affirming the recommendation of the referee, granted judgment to defendant-appellee and dismissed appellant's complaint. It is from that judgment that appellant brings this appeal.

In support of the bank's right to charge appellant's account for the debt of her son, appellee relies heavily on *Chickerneo* v. *Society Natl. Bank of Cleveland* (1979), 58 Ohio St. 2d 315, 12 O.O. 3d 298, 390 N.E. 2d 1183, syllabus, in which the Supreme Court of Ohio found:

"Where a bank provides by rule, which rule becomes contractually binding on depositors, for the right to [set off] funds in a joint and survivorship account against debts owed the bank by a party to the account, the bank may lawfully [set off] such funds without violating the public policy of this state, although the funds in the account are supplied exclusively by a non-debtor depositor."

In oral argument before this court, appellee offered further that R.C. 1107.06 provides for the establishment of rules and regulations by the bank and binds the depositor to those regulations upon the opening of a savings account and accepting of the passbook. R.C. 1107.06 provides, in relevant part:

"(C) At the time of opening an account for the making of savings deposits, the depositor shall be issued a statement containing the existing rules and regulations adopted by the bank. Such statement may be set forth upon the depositor's signature card.

"(D) All owners of any interest in each account, commercial or savings, who are such on January 1, 1968, shall be bound by the bank's rules and regulations of such date governing accounts. Subsequent amendments to such rules and regulations shall be posted in the bank and shall be binding thereafter upon the then owners of any interest in all then existing accounts.

"(E) A passbook shall be issued to each savings depositor in which shall be entered each deposit made, and any interest allowed on the deposits, and all payments and withdrawals. By accepting such passbook the depositor acknowledges the receipt of and assents to the rules and regulations and any amendments thereto, adopted by the bank, governing such deposits."

In most instances of a bank's charging a joint and survivorship account for the debt of only one depositor when the funds therein are solely property of the other depositor appellee's argument would be dispositive. This application of *Chickerneo* and R.C. 1107.06, however, presupposes that the original depositor knowingly selected that type of account. In *Chickerneo,* the court specifically noted that the appellant therein had voluntarily selected a joint and survivorship account with the cosigner, the debtor therein, as a codepositor. The basis of the court's decision in that case was the contractual relationship that the opening of the account established between the depositor and the bank.

In this case, however, the facts agreed upon show that what appellant asked for, the ability to have her son withdraw money for her in the case of an emergency, was not what she received. Here, the bank officer suggested the joint and survivorship account as a means of accomplishing what she requested but did nothing further to explain any of the other effects of such an account. Clearly, in this situation, there was not a meeting

of the minds at the time the account was opened that established a contractual right of the bank to thereafter charge the account for the son's debt.

While the law as set forth in *Chickerneo, supra,* and R.C. 1107.06 may be sound, when the depositor's knowledge and voluntariness are placed into question, it does not serve to relieve the bank, with its vastly superior knowledge and bargaining position, of any and all responsibility to show that it provided the depositor with a reasonable means of understanding the consequences of the contract that is being entered into by signing the card and receiving the brochure which the bank has prepared and provided.

In accordance with the foregoing, this court finds appellant's assignment of error well-taken.

On consideration whereof, this court finds substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court, Small Claims Division is reversed. Costs assessed to appellee.

*Judgment reversed.*

HANDWORK, P.J., and CONNORS, J., concur.