OPINION
{¶ 1} Plaintiff-appellant, Gail L. Kopp ("appellant"), appeals from the grant of summary judgment in favor of defendant-appellee, Bank One, by the Lake County Court of Common Pleas. Appellant brought a claim of civil conversion after Bank One setoff a debt from appellant's joint and survivorship account to satisfy the debt of her co-signer.
 {¶ 2} On October 20, 2000, appellant filed a complaint alleging Bank One unlawfully debited her market index account in the amount of $20,516.80, and converted the funds to its own use. On August 8, 2001, Bank One filed its motion for summary judgment, with leave of the court. Bank One asserted that Richard Snyder signed a Consumer Open End Vehicle Lease Agreement on May 31, 1995. Snyder leased a 1990 Lexus for 50 months from Pearce Lake Leasing Corporation. Bank One financed the lease of the Lexus. According to the terms of the contract, Snyder was obligated to make all remaining lease payments if he terminated the lease early.
 {¶ 3} Snyder did terminate the lease with 23 payments remaining in the term of the lease. Snyder did not pay these payments and owed Bank One for the payments and the end of term value assigned to the vehicle, which was $9,000. There is no document in the record before this court evidencing that Bank One ever obtained a judgment against Snyder for the amount owed on the lease.
 {¶ 4} The account at issue was a joint bank account held in Snyder's and appellant's names. The record indicates the joint account was opened on May 10, 1999. Bank One claimed it became aware Snyder was an owner of the joint account in question in November of 1999. On November 16, 1999, Bank One setoff the amount owed by Snyder under the lease and debited the joint account in the amount of $20,516.80. In his affidavit, Bank One Vice President Walter Bomar testified that Bank One was not aware of the pre-existing debt at the time appellant opened the joint account on May 10, 1999. However, Snyder had entered into the 50-month lease agreement with Bank One on or about May 31, 1995, and subsequently breached the agreement in October of 1997, with 23 payments remaining.
 {¶ 5} Bank One asserted it was entitled by law and by its own Account Rules and Regulations to set off an unpaid, overdue debt of a depositor against the depositor's account, without prior notice to the debtor. The Account Rules and Regulations, normally given to depositors at the time accounts are opened, stated that Bank One may use the funds in a joint account to pay a debt owed by one or more of the joint owners. Bank One maintained that both common law and the Account Rules and Regulations permitted it to withdraw the amount owed by Snyder from the joint account. Bank One attached the affidavit of Darlene Ross, a vice-president at the Wickliffe branch where the account was opened. Ross stated she personally opened the account with appellant and Snyder. Ross averred she went over the Account Rules and Regulations with appellant and Snyder at the time the account was opened. Bank One attached a copy of the document appellant and Snyder signed acknowledging receipt of the Account Rules and Regulations.
 {¶ 6} On August 31, 2001, appellant filed her brief in response to Bank One's summary judgment motion. Appellant argued Bank One could not setoff Snyder's debt because she was the only one who deposited or withdrew money from the account. Snyder's name was added to the account merely so he could access the funds in case of appellant's death or incapacitation. Appellant asserted Bank One did not have a valid legal or contractual right of setoff as mutuality of obligation was lacking between herself and the bank. Appellant denied receiving the Account Rules and Regulations, which she noted were effective after the opening of the account. Appellant maintained there was no meeting of the minds between herself and Bank One, in that she did not select a joint and survivorship account with the knowledge that the debts of the "co-owner" could be set off from funds belonging to her. Appellant also disputed the validity of the lease contract and the amount owed, if any, by Snyder to Bank One. Based upon these arguments, appellant concluded that genuine issues of material fact remained in dispute, precluding a grant of summary judgment.
 {¶ 7} Bank One filed a reply brief in which it stated that the joint account was opened with the deposit of a check payable to Snyder, not appellant. Therefore, Snyder, and not appellant, was the primary depositor of the account. Bank One stated both appellant and Snyder signed documents indicating they opened a joint account and acknowledging receipt of the Account Rules and Regulations.
 {¶ 8} On January 11, 2002, the trial court granted Bank One's motion for summary judgment. The court found that Bank One exercised a valid right of setoff.
 {¶ 9} Appellant assigns the following error for review:
 {¶ 10} "The trial court erred in granting defendant-appellee's motion for summary judgment."
 {¶ 11} In her sole assignment of error, appellant first asserts that the bank did not establish the three requirements of setoff, thereby precluding summary judgment. Appellant maintains she had an ownership interest in the funds, which was ignored by Bank One. Appellant argues that she established, through her affidavit, that she was the sole owner of the funds in the account. The funds were to be used solely for her business and available only to appellant.
 {¶ 12} On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without any deference to it. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewing the evidence most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 1998-Ohio-389.
 {¶ 13} Once a moving party satisfies their burden of supporting their motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins, 75 Ohio St.3d 447, 1996-Ohio-211.
 {¶ 14} Set off is the right existing between two parties, each of whom owes a definite amount to the other, under independent contracts, to setoff their respective debts by way of mutual deduction. Banks may setoff a bank account against the matured debt of a depositor, without the knowledge and consent of the depositor. Walter v. Nat'l City Bank ofCleveland (1975), 42 Ohio St.2d 524. Before a bank may setoff a customer's deposits against his or her indebtedness to the bank, there must be: (1) the existence of mutuality of obligation; (2) the debtor's ownership of the funds used for the setoff; and (3) the ripeness of the existing indebtedness for collection at the time of setoff. CitizensFed. Bank, FSB v. Zierolf (1997), 119 Ohio App.3d 46. Mutuality of obligation must exist between the bank and the customer. In other words, the bank must hold funds on behalf of the customer, which the bank is obligated to pay to the customer. The customer must be obligated to the bank. Mutuality of obligation does not require that each holder of a joint account be obligated to the bank before a customer's debt can be set off against the account. However, the amount is limited to that portion of the joint account of which the customer is the owner. Id. The principle of mutuality of obligation requires that the owner of the account from which the money is seized to be the same person that owes the obligation to the bank. Kehl Chevy Olds, Inc. v. Huntington Natl.Bank (Aug. 19, 1991), 12th Dist. No. CA91-01-001, 1991 Ohio App. LEXIS 3935.
 {¶ 15} Appellant and Bank One dispute the source of the funds deposited in the account. Appellant averred she alone deposited monies into the joint and survivorship account. Bank One countered by contending that a $50,000 check payable to Snyder was used to open the account. The source of the funds only is central to the dispute if appellant did not receive the Account Rules and Regulations governing the account on the setoff issue. Bank One could not setoff Snyder's debt from monies belonging to appellant in the joint and survivorship account unless the parties received the Account Rules and Regulations and those rules provided for setoff. Appellant asserts she did not receive the Account Rules and Regulations.
 {¶ 16} There is a copy of the document appellant and Snyder signed in the record showing they received a copy of the Account Rules and Regulations. The language of the document is not ambiguous, limiting any interpretation of the contract to the four corners of the document. Extrinsic evidence cannot be used to determine intent if the contract language is unambiguous. See State ex rel. Parsons v. Fleming,68 Ohio St.3d 509, 1994-Ohio-172. Because the contract language at issue is clear, there is no need to examine extrinsic evidence disputing whether appellant received the Account Rules and Regulations.
 {¶ 17} Even if appellant did not read the document she signed acknowledging receipt of the Account Rules and Regulations, contract law provides that the contract is interpreted by the language used in the document. The creation of a joint and survivorship account is a contractual arrangement between the bank and the depositors. In reWhaley (Dec. 12, 1996), 4th Dist. No. 96CA2425, 1996 Ohio App. LEXIS 5702. A contract is interpreted by its plain meaning, even if one of the parties fails to read the contract. Smaltz v. Natl. City Bank (2000),136 Ohio App.3d 203.
 {¶ 18} The opening of a joint and survivorship account is conclusive evidence that the depositors intended to transfer a survivorship interest in the balance of the account to the surviving depositor following the death of one of the depositors. See Wright v.Bloom, 69 Ohio St.3d 596, 1994-Ohio-153, paragraph two of the syllabus. The Wright court based its holding on the assumptions underlying the Uniform Probate Code. Although the depositor may intend to control the funds he or she deposited in a joint and survivorship account, the survivorship presumption establishes that the surviving party has the right to the sums remaining in the account. Id. One consequence of the survivorship presumption is the termination of the right to setoff by a bank upon the death of the debtor. Therefore, a bank only can exercise this right during the lifetime of the debtor. Casto v. Pleasants Cty.Bank (1989), 4th Dist. No. 88 CA 6, 1989 Ohio App. LEXIS 771.
 {¶ 19} In a joint and survivorship account, the funds belong to the parties in proportion to the net contributions by each, unless there is clear and convincing evidence of a different intent. In re Estate ofPlatt, 148 Ohio App.3d 132, 2002-Ohio-3382, quoting In re Estate ofThompson (1981), 66 Ohio St.2d 433, paragraph one of the syllabus. However, the holders of a joint account typically have the right to withdraw all the funds from the account. See Ingram v. Hocking ValleyBank (1997), 125 Ohio App.3d 210. Ownership of the funds does not mean that one joint owner is the owner of the entire account. Id. One area where ownership of the funds still can be determinative is in the realm of setoff. If the non-debtor depositor lacks notice of the risk of appropriation by the bank, then the bank cannot treat the debtor depositor as the owner of account for all purposes. Citizens Federal Bank, FSB,
supra.
 {¶ 20} When a bank provides rules and regulations regarding the bank's right to setoff funds in a joint and survivorship account, which are contractually binding on its depositors, the bank may lawfully setoff such funds even if the funds in the account are supplied exclusively by a non-debtor depositor. Chickerneo v. Society Natl. Bank (1979),58 Ohio St.2d 315. But if the depositor submits evidence, in opposition to a summary judgment motion, that he did not receive a copy of the rules and regulations, contradicting evidence presented by a bank that the rules and regulations were given in the normal course of business, a genuine issue of fact is created. Cathey v. BancOhio Natl. Bank (May 23, 1991), 10th Dist. No. 90AP-243, 1991 Ohio App. LEXIS 2457. A financial institution, usually having superior knowledge and bargaining position than the average depositor, has to provide the depositor with a reasonable means of understanding the consequences of his or her agreement with the bank. See Smaltz v. Nat'l City Bank (2000),136 Ohio App.3d 203. If the depositor lacked notice that a bank can appropriate account funds from a joint account, a depositor disputing such a setoff, may present a "realities of ownership" defense, arguing the funds at issue were the sole property of that depositor. See CitizensFed. Bank, FSB, supra.
 {¶ 21} The "realities of ownership" defense is inapplicable if the account rules and regulations provide the bank with the right to setoff. In the instant case, the contract shows that appellant did receive a copy of the rules and regulations. Those rules and regulations permit Bank One to set off a co-depositors debts from a joint account, even if the funds belong to the other depositor. Therefore, Bank One could appropriate appellant's funds to satisfy Snyder's debt under the Account Rules and Regulations.
 {¶ 22} Appellant submits that there was no "meeting of the minds" at the time the account was opened because she specifically informed the Bank One representative that she was to be the only one to have access to the account unless she became incapacitated or did not survive. Appellant averred that the Bank One representative, knowing that appellant did not want her money subject to any claims from Snyder's creditors, suggested appellant open a joint and survivorship account.
 {¶ 23} Appellant relies upon Rives v. Krupzsield (1989),60 Ohio App.3d 97, to support her argument. In Rives, a woman opened a savings account and told the bank manager that it would be nice if her son could withdraw funds in case of an emergency. The bank officer stated this could be arranged by establishing a joint and survivorship account in both names. The bank later setoff a debt of the son from the account. The Sixth District Court of Appeals disregarded the bank's rules and regulations, which provided for such a setoff, because the depositor did not knowingly select a joint and survivorship account. The depositor had asked that her son be allowed to withdraw money from the account in case of an emergency but she did not receive this kind of an account. Therefore, the court found the parties lacked a meeting of the minds. Without a meeting of the minds, the bank did not establish a contractual right to setoff the son's debt from the account. The court stated that, when the depositor's knowledge and voluntariness are placed in question, the bank is not relieved of all responsibility to show that it provided the depositor with a reasonable means of understanding the consequences of the contract establishing the account.
 {¶ 24} Unlike the depositor in Rives, appellant is a businessperson who should be familiar with the terms of a joint and survivorship account. Further, appellant was aware that Snyder had debts at the time she opened the account. The terms of the joint and survivorship account are stated in the Account Rules and Regulations. Those terms provide that a joint owner may close the account or withdraw any or all of the account funds. Therefore, the terms of the contract provide that Snyder had access to the account monies at all times. The terms of the contract are unambiguous and appellant cannot now claim she did not understand the terms.
 {¶ 25} Appellant lastly asserts that the amount of the debt setoff from her account was not correct. Appellant submitted no evidence on this issue below and cannot now assert the argument on appeal.
 {¶ 26} Appellant's first assignment of error lacks merit and is overruled. The judgment of the Lake County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY, J., concurs.