## In re ESTATE OF MAYER.

[Cite as *In re Estate of Mayer* (1995), 105 Ohio App.3d 483.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–93–131.

Decided Aug. 1, 1995.

484

John D. Willey, Jr. and James F. Nooney, for appellant Jane Markwood.

John A. Landry and John C. Wasserman, for appellees.

*Thomas W. Heintschel,* for administrator.

SHERCK, Judge.

This case is before us on remand from the Supreme Court of Ohio for reconsideration in light of the decision that court rendered in *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31.

The facts of this case are more fully described in *In re Estate of Mayer* (Mar. 31, 1992), Lucas App. No. L–90–299, unreported, 1992 WL 66585, and *In re Estate of Mayer* (Feb. 18, 1994), Lucas App. No. L–93–131, unreported, 1994 WL 50254.

In February 1988, the decedent, Hedwig Mayer, established joint and survivor bank accounts of approximately $675,000 in her name and in the name of appellant, Jane Markwood. On March 8, 1988, appellant moved funds from the bank accounts to investment accounts. One of these was an account in appellant's name only. The other was a joint and survivor account in both appellant's name and the decedent's name. Appellant put $300,000 into her individual investment account and $350,000 into the joint and survivor account. This transfer left approximately $25,000 in the original bank accounts.

The Lucas County Probate Court ultimately found that the decedent was not acting under the undue influence of appellant when she established the bank accounts. Nevertheless, the court found that the decedent did not intend to create a present and equal interest in these accounts in appellant. Appellees, potential heirs to Hedwig Mayer's estate, argue that the funds in the bank accounts, plus the funds in the individual investment accounts, should be included in the decedent's estate.

The question before us now is what happens to the survivorship rights of a co-owner who is not the depositor of the funds in a joint and survivor account when that co-owner transfers funds out of the account during the lifetime of one who funded the account.

Prior to *Wright, supra,* there was a presumption that funds on deposit at the death of a co-owner to a joint and survivor account belonged to the other co-owner; that presumption, however, could be overcome by evidence that the decedent, at the time the account was established, did not intend to convey a present interest in the account to the co-owner. *In re Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus. *Wright* specifically overruled paragraph two of the *Thompson* syllabus and held that the depositor's intent to convey a present interest in the account was irrelevant to survivorship rights. *Wright,* 69 Ohio St.3d at 603, 635 N.E.2d

at 36. Absent fraud, duress, undue influence, or lack of capacity on the part of the decedent, it is now presumed that, by establishing a joint and survivor account, a decedent intends for the co-owner to have survivorship rights to funds in the account. *Id.* at paragraph two of the syllabus.

However, during the lifetime of the co-owners of a joint and survivor account, it is presumed that, absent evidence of another intent, funds in the account belong to the co-owners in proportion to the net contributions each has made to the account. *Thompson,* 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph one of the syllabus.[1] A constructive trust may be imposed on any amounts withdrawn by a co-owner in excess of her contributions. *Id.* at 440, 20 O.O.3d at 375, 423 N.E.2d at 95. The co-owner forfeits any survivorship rights to excess withdrawals and is liable to the decedent's estate for the amount of these withdrawals.

Under *Wright,* the mere fact that the decedent established joint and survivor bank accounts is evidence sufficient to demonstrate that the decedent intended for appellant to have the money in the accounts upon her death. The essential character of these monies is unchanged by the transfer from a joint and survivor bank account to a joint and survivor individual investment account. Since the decedent established valid joint and survivor bank accounts, appellant's transfer of money to the same type of account at a different institution is not enough to defeat her survivorship rights. Accordingly, these funds pass to her outside the decedent's estate.

However, paragraph one of the *Thompson* syllabus continues to control the individual investment account in appellant's name only. The decedent's intent not to create a present and equal interest in appellant in the bank accounts remains relevant. With no present and equal interest in those accounts, appellant was not to use the money for her own benefit during the decedent's lifetime. By establishing and funding the individual investment account in her name only, an act inconsistent with the decedent's control of her own funds prior to her death, appellant exceeded her right to use the money in the bank accounts and materially changed its joint and survivor nature. Pursuant to *Thompson,* appellant thereby forfeits her survivorship rights to the funds, and the law operates to impose a constructive trust on these funds. Appellant must account for this money to the decedent's estate.

---

1. The Supreme Court stated in *Wright* that its decision does not affect the ownership during lifetime presumption of paragraph one of the *Thompson* syllabus. *Wright,* 69 Ohio St.3d at 607, 635 N.E.2d at 39.

On consideration whereof, the court finds that substantial justice was not done the party complaining, and the judgment of the Lucas Court of Common Pleas is reversed in part. This matter is remanded to that court for proceedings consistent with this opinion. The parties shall share equally the court costs of this appeal.

*Judgment reversed*
*in part.*

ABOOD, P.J., and HANDWORK, J., concur.