**In re ESTATE OF PLATT.**

[Cite as *In re Estate of Platt,* 148 Ohio App.3d 132, 2002-Ohio-3382.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2001–T–0066.

Decided June 28, 2002.

133

William P. McGuire Co., L.P.A., and William P. McGuire, for appellant Gerald P. Platt.

Hoffman & Walker Co., L.P.A., and James E. Hoffman III, for appellee Jeffrey D. Adler, Special Administrator of the Estate of Linnea B. Platt, deceased.

DIANE V. GRENDELL, Judge.

{¶ 1} Gerald P. Platt ("appellant") appeals from the May 31, 2001 judgment entry by the Trumbull County Court of Common Pleas, Probate Division, finding that appellant forfeited his survivorship right in a certificate of deposit account. For the foregoing reasons, we reverse the judgment of the lower court.

{¶ 2} Linnea B. Platt ("decedent") died testate on July 21, 1997. Appellant is decedent's son. Prior to her death, decedent gave appellant power of attorney

over her affairs on September 7, 1995. The trial court appointed Jeffrey D. Adler, Esq. ("appellee"), special administrator of decedent's estate. Subsequently, decedent's will was filed for probate.[1]

{¶ 3} Appellee then filed an inventory of decedent's estate on October 13, 2000. On October 30, 2000, as heirs at law and beneficiaries of decedent's will, Sandra Cameron, decedent's daughter, and Kenneth Platt, decedent's son, filed exceptions to the inventory. Specifically, Sandra Cameron and Kenneth Platt argued that Bank One certificate of deposit ("CD") accounts 940017638151("51"), 9000017638150 ("50"), and 860017081949 ("49") were the property of the estate but were not included in the inventory. "Exceptions to inventory" hearings were held on January 22, 2001, and April 30, 2001. At the close of the April 30, 2001 hearing, the exceptions to CD accounts 51 and 50 were withdrawn. CD account 49 remained contested.

{¶ 4} CD account 49 was issued on September 3, 1996, in the names of decedent and appellant with a right of survivorship. The initial deposit amount was $10,000. The type of deposit was an automatic renewal with the term of maturity at 10 months. CD account 49 matured on July 3, 1997. Appellant testified that the funds for the CDs came from the sale of decedent's house of which he had no claim of ownership in the house. Upon maturity, CD account 49 contained $10,454.10.

{¶ 5} Prior to decedent's death, appellant, by telephone, authorized the issuance of CD account 08600198605463 ("63"). Appellant deposited all of the funds from CD account 49, $10,454.10, into CD account 63. CD account 63 was a "POD/ITF" account (a payable on death/in trust for account), which named decedent as the sole owner and appellant as the named beneficiary. The term of maturity for CD account 63 was 7 months. Bank One documentation submitted into evidence showed July 15, 1997, as the closing date of CD account 49. However, Bank One documents listed CD account 63 as being issued on July 9, 1997.

{¶ 6} On May 18, 2001, appellant filed a brief, contending that Bank One renewed CD account 49 as CD account 63. Appellant argued that CD account 63 should not be included in the assets of the estate. Appellant claimed that there was no evidence that decedent attempted or intended the survivorship character of CD account 49 to be extinguished upon its renewal. Appellant averred that it was presumed that decedent intended the survivor to benefit at her death and that the character of the account should not change.

---

1. Thereafter, several hearings were held pertaining to the concealment of assets. The main thrust of these hearings dealt with the informal distribution of some of decedent's jewelry, household items, and furnishings by her children.

{¶ 7} The trial court filed a judgment entry on May 31, 2001, finding that appellant forfeited his survivorship right in CD account 49 when he withdrew the funds and directed their transfer to a POD account. The trial court concluded that the funds in the POD account were assets of the estate and were included in the inventory of the estate. In particular, the trial court stated that decedent deposited $10,000 into CD account 49, a joint and survivorship account in the names of decedent and appellant, which matured on July 3, 1997, having a 10-day grace period for renewal. The trial court indicated that, on July 9, 1997, appellant instructed Bank One, by telephone, to withdraw the account and deposit it into CD account 63, a POD account that was solely in the name of decedent, which named appellant the beneficiary. The trial court determined that decedent was the sole owner of the funds held in CD account 49 since she was the sole contributor to that account. The trial court found that decedent, who died on July 21, 1997, did not sign or authorize the creation of the POD account, and appellant's designation of himself as beneficiary was invalid.

{¶ 8} On June 27, 2001, appellant filed a timely notice of appeal, asserting the following assignments of error:

{¶ 9} "[1.] The trial court erred in ignoring the survivorship feature in favor of appellant of a renewed certificate of deposit, as no person had authority to eliminate the right of survivorship provisions[,] and[,] in fact[,] the renewed certificate likewise contained survivorship rights in favor of appellant.

{¶ 10} "[2.] The trial court erred when it found that a certificate of deposit contract, which included a designation of survivorship, had been renewed but excluded from the terms of the renewed contract the designation of survivorship upon the renewal, and no person had been given authority to alter the contract terms that existed before the date of death, thereby the renewed contract is binding upon the estate and the bank."

{¶ 11} Appellant's assignments of error will be reviewed collectively since they contain overlapping arguments. Appellant contends that, at the time CD account 49 was created, decedent intended to benefit appellant. Appellant argues that CD account 63 should not be included in the assets of the estate since the objectors to the exclusion of that account had not met their burden of proof. Appellant asserts that it is presumed that decedent intended the survivor to benefit at her death and that the character of the account should not change since evidence of intent to change was not produced. Appellant claims that the record contains sufficient material and trustworthy evidence to support the conclusion that decedent's intent for the right of survivorship did not change from July 3, 1997, to the time of her death on July 21, 1997. Appellant argues that those who opposed the right of survivorship failed to introduce any evidence of any change of decedent's intent.

{¶ 12}   Briefly, it is necessary to emphasize that no issue was raised below as to the validity of CD account 49, which was a joint and survivorship account held in the names of decedent and appellant.   The signatures of both decedent and appellant were affixed to the CD receipt.   There were no issues raised as to fraud, duress, undue influence, or lack of capacity on the part of decedent at the time that CD account 49 was created.   Additionally, decedent took no affirmative action during the remainder of her life to impair, alter, or nullify CD account 49.   Rather, the issues before us pertain to the subsequent action once CD account 49 matured on July 3, 1997.

{¶ 13}   A hearing of exceptions to an inventory, pursuant to R.C. 2115.16, is a summary proceeding conducted by the probate court to determine whether those charged with the responsibility of filing an inventory have included in the decedent's estate more or less than the decedent owned at the time of his or her death.   *In re Estate of Etzensperger* (1984), 9 Ohio St.3d 19, 21, 9 OBR 112, 457 N.E.2d 1161, citing *In re Estate of Gottwald* (1956), 164 Ohio St. 405, 58 O.O. 235, 131 N.E.2d 586, paragraph one of the syllabus.   Our standard of review of such a proceeding is one of abuse of discretion.   *In re Estate of Counts* (Sept. 18, 2000), 4th Dist. No. 99CA2507, 2000 WL 1572710, citing *In re Guardianship of Maurer* (1995), 108 Ohio App.3d 354, 359, 670 N.E.2d 1030.   Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.   *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 14}   In the case sub judice, it is necessary to note that the chronology of the closing of CD account 49 and the issuance of CD account 63 is inconsistent. Bank One documents that were submitted into evidence showed that CD account 63 was issued on July 9, 1997.   However, the closing date for CD account 49 was listed as July 15, 1997.   Bank One documents indicate that there was a difference between the processing dates and the effective dates.   Specifically, the closing of CD account 49 was processed on July 17, 1997;  however, the effective date was listed as July 15, 1997.   Similarly, CD account 63 was processed on July 17, 1997; however, the effective date was listed as July 9, 1997.   Nonetheless, all action took place *prior* to decedent's death.   Also, it was undisputed that all funds from CD account 49 were deposited into CD account 63.

{¶ 15}   It is clear from the record that CD account 49 was a joint and survivorship account, with an automatic provision, naming decedent and appellant as joint owners.   CD account 63 was a POD account, naming decedent as the sole owner and appellant as the named beneficiary.   In a POD account, the owner retains sole ownership and only he may withdraw the proceeds or change the named beneficiary during his lifetime, *Trumbull Sav. & Loan Co. v. Vaccar*, 11th

Dist. No. 2000–T–0101, 2001–Ohio–8810, 2001 WL 1497205, at * 2, citing *Giurbino v. Giurbino* (1993), 89 Ohio App.3d 646, 657, 626 N.E.2d 1017, whereas, a joint account with a right of survivorship belongs to all of the parties during their lifetimes. Id.

{¶ 16} Appellant was authorized to close CD account 49, according to the terms of deposit. However, prior to her death, decedent was the sole owner of those funds because she was the sole contributor to that account. Appellant testified that the funds for the CDs came from the sale of decedent's house in which he had no claim of ownership in that house. "A joint and survivorship account belongs, *during the lifetime of all parties,* to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." (Emphasis added.) *In re Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph one of the syllabus.[2] See, also, *Bradford v. Heyder* (June 4, 1998), 10th Dist. No. 97APE10–1419, 1998 WL 292234.

{¶ 17} A constructive trust can be imposed in an amount withdrawn by a co-owner of a joint and survivorship account that is in excess of his contributions. *Thompson* at 440, 20 O.O.3d 371, 423 N.E.2d 90. A co-owner of a joint and survivorship account forfeits any survivorship rights to any excess withdrawals and is liable to the decedent's estate for the amount of those withdrawals. *In re Estate of Mayer* (1995), 105 Ohio App.3d 483, 486, 664 N.E.2d 583; see, also, *Estate of Sammartino v. Bogard* (Sept. 16, 1999), 7th Dist. No. 97 C.A. 77, 1999 WL 771083.

{¶ 18} In *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, the Supreme Court of Ohio held that, when there is a joint and survivorship account, there is a conclusive presumption that the depositor intended the balance of the account to belong to the surviving party and not the estate of the decedent. In *In re Stowers* (Nov. 9, 1995), 11th Dist. No. 95–A–0009, 1995 WL 803611, the decedent's daughter withdrew monies from joint and survivorship accounts during her mother's lifetime. There was evidence the funds were used for the benefit of the mother. The decedent was the only depositor for the accounts. This court noted that the monies in the accounts would have been the property of the daughter upon the decedent's death. Even if the daughter returned the money to the estate, the estate would have to distribute the funds to the daughter as the survivor on the accounts. This court held that any challenge to an unauthorized withdrawal by the beneficiary on a joint and survivorship account

---

2.  *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, overruled paragraph two of the syllabus in *In re Estate of Thompson.* However, paragraph one of the syllabus in *In re Estate of Thompson* remains good law. See *Wright* at 607, 635 N.E.2d 31.

must be made prior to the death of the depositor. After the depositor dies, all money allegedly misused by the beneficiary would be the property of the beneficiary anyway. Only challenges based upon fraud, duress, undue influence, or lack of capacity would be permitted after the death of the depositor.

{¶ 19} Appellant testified that decedent was aware that he would become the beneficiary of the CD accounts when she died. The record demonstrates that the decedent intended to give appellant a survivorship interest in CD account 49. Appellant placed the funds into a POD account immediately prior to decedent's death. In this type of account, the depositor of the funds retains both the legal and equitable interest on the account. The beneficiary's interest does not vest until the death of the owner. *Friedrich v. BancOhio Natl. Bank* (1984), 14 Ohio App.3d 247, 14 OBR 276, 470 N.E.2d 467. By the terms of CD account 63, decedent remained the sole owner of the funds. Appellant conferred no benefit upon himself by depositing the funds from CD account 49 into the POD account. His mother remained in control of the funds with appellant's interest becoming vested only upon her death.

{¶ 20} There is no evidence in the record of fraud, duress, undue influence, or lack of mental capacity on the part of the decedent. Based upon *In re Stowers,* the challenge to the unauthorized withdrawal had to be made prior to the decedent's death. No such challenge was made and is now waived. Further, because appellant did not benefit from the transfer of the funds from the CD to the POD account, the equitable result is that the intentions of the decedent were carried out and appellant retained his survivorship interest in the funds.

{¶ 21} Appellant's two assignments of error are well taken. The judgment of the Trumbull County Court of Common Pleas, Probate Division, is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DONALD R. FORD, J., concurs.

WILLIAM M. O'NEILL, P.J., dissents.