DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dana Kulas, appeals from the judgments of the Lorain County Court of Common Pleas that found in favor of Appellee, Joseph T. Jones, and denied Appellant's motion for a new trial. This Court affirms.
 I. {¶ 2} This case arose from a motor vehicle/pedestrian accident that occurred near the intersection of Washington Avenue and Erie Avenue in Lorain, Ohio. Washington Avenue runs north and south, and Erie Avenue runs east and west. On a drizzly evening in December 2001, Appellant was making deliveries on behalf of her employer, DHL, fka Airborne Express. She pulled up in front of the last parked car on the east side of Washington Avenue and parked her 14-foot delivery truck near the intersection of Erie and Washington. She exited her vehicle, and, wearing her reflective uniform, walked across the street.
 {¶ 3} At that point in time, Appellee was driving his pick-up truck westbound on Erie, approaching the intersection with Washington. As he approached the intersection, the light was red but then changed to a green arrow. Appellee proceeded to make a left-hand turn into the southbound lane of Washington. With his car still in first gear through the turn, he came upon Appellant, who was moving from his left to his right, and despite his immediate braking, he struck her with the front middle portion of his truck. Appellee did not run Appellant over with his truck, but she was knocked down to the ground. The EMS arrived, and Appellant was life flighted to Cleveland Metro Hospital.
 {¶ 4} On December 9, 2003, Appellant and her husband, David Kulas, filed a complaint asserting negligence and loss of consortium. Appellee answered the complaint, asserting in part the defenses of comparative and contributory negligence. The matter proceeded to a bench trial on the issue of liability only.
 {¶ 5} In a judgment dated November 5, 2004, the court found both parties to be negligent, and applying comparative negligence principles, determined Appellee to be 20% comparatively negligent and Appellant to be 80% comparatively negligent. Accordingly, the court granted judgment in favor of Appellee.
 {¶ 6} On November 19, 2004, Appellant filed a motion for a new trial pursuant to Civ.R. 59(A)(6)-(7). Appellee filed a brief in opposition to the motion. On December 14, 2004, the court denied the motion. Appellant timely appealed, asserting two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED WHEN IT DETERMINED, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THAT THE APPELLANT WAS 80% COMPARATIVELY NEGLIGENT AND THE APPELLEE WAS 20% COMPARATIVELY NEGLIGENT AND THEREFORE GRANTED JUDGMENT FOR THE APPELLEE."
 {¶ 7} In her first assignment of error, Appellant asserts that the court's findings on comparative negligence were against the manifest weight of the evidence. We disagree.
 {¶ 8} First, we note the proper standard of review. When a party challenges a judgment as being against the manifest weight of the evidence in a civil case, we apply the same standard of review used in the criminal context. Ray v. Vansickle (Oct. 14, 1998), 9th Dist. Nos. 97CA006897 97CA006907, at *3. Thus,
"The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the [verdict] must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
This action is preserved for the exceptional circumstance where the evidence presented weighs heavily in favor of the party opposing the verdict and judgment. State v. Otten (1986),33 Ohio App.3d 339, 340. Every reasonable presumption must be made in favor of the judgment and the findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19.
 {¶ 9} Moreover, a judgment is not against the manifest weight of the evidence simply because conflicting evidence exists before trier of fact. State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, at *19. "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Karches,38 Ohio St.3d at 19. This is so because evaluating evidence and assessing credibility are primarily for the trier of fact. Hoittv. Sieffer (1995), 105 Ohio App.3d 104, 107; State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 10} A plaintiff alleging negligence must establish that (1) the defendant owed a duty of care, (2) the defendant breached this duty, and (3) the breach was the proximate cause of plaintiff's injury. Mussivand v. David (1989),45 Ohio St.3d 314, 318. Under the comparative negligence statute, a plaintiff may only recover if his contributory negligence is equal to or less than the combined negligence of all the defendants. SeeNunez v. J.L. Sims Co., 1st Dist. No. C-020599, 2003-Ohio-3386, at ¶ 20.[1]
 {¶ 11} Appellant argues that the judgment is generally not supported by the evidence presented at trial. It appears that Appellant ultimately challenges the court's finding that Appellee was only 20% negligent. Specifically, Appellant argues that Appellee's admission, that he failed to see her, in her reflective clothing, near the crosswalk while he made the turn, was the proximate cause of her injuries such that he should have been found comparatively negligent to a higher degree. Essentially, Appellant maintains that these factors overcome the fact that she was likely walking outside of the crosswalk against the light.
 {¶ 12} Appellee responds that he was driving attentively, that his vision was not obstructed, and that he was not distracted by anything on the road other than Appellant. He testified that he was only driving 10 to 15 miles per hour through the intersection. Appellee insists that it was Appellant's primary negligence, in failing to look and crossing improperly, which led to the collision and her resulting injuries. Appellee argues that the evidence establishes that Appellant was more than likely crossing the street outside the crosswalk, and that she was definitely crossing the street against the light. Appellant testified that right after she got out of her truck and walked over to the curb, she noticed that the light governing traffic heading northbound on Washington Avenue was green. Although Appellant maintained that she looked over her right shoulder onto Erie Street and did not see any traffic before she crossed, Appellant could not dispute at trial that Appellee had to have been driving up to the light. She also admitted that she knew that Appellee had a left green arrow and was making a proper turn onto Washington Avenue at that time.
 {¶ 13} Appellee testified that he estimated Appellant to have been about 15 to 20 feet south of the crosswalk, in the road. The Lorain police officer who was called to the scene of the accident, Christopher Harris, testified that Appellant may have been lying in the road approximately 70 feet south of the crosswalk when he arrived at the scene. Appellant's own testimony during trial indicates that she may have not been in the crosswalk; and Appellant admits as much on appeal. But, Appellant insisted that she may have been at most one foot outside of the crosswalk. Nevertheless, Appellant actually concedes that an inference of negligence may be made from this testimony.
 {¶ 14} Based upon our careful review of the record, we cannot conclude that the trial court lost its way and created a manifest miscarriage of justice when it found Appellant 80% negligent and entered judgment in Appellee's favor. See Otten,33 Ohio App.3d at 340. Although the testimony somewhat conflicts as to what distance from the crosswalk she was crossing the street, we are reminded that such a conflict does not compel a reversal in this case. See Karches, 38 Ohio St.3d at 19. The court as the finder of fact in this case was entitled to believe the testimony presented by Appellee over that presented by Appellant. SeeDeHass, 10 Ohio St.2d at paragraph one of the syllabus. Therefore, we conclude that the judgment is not against the manifest weight of the evidence.
 {¶ 15} In addition, Appellant argues that the trial court failed to articulate its reasons for its 20% versus 80% negligence apportionment in its judgment. We know of no authority that requires a court to make such a finding in a negligence action involving comparative fault. Furthermore, it does not appear that Appellant filed a written request for findings of fact in this bench trial case, pursuant to Civ.R. 52.
 {¶ 16} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT THE APPELLANT'S MOTION FOR A NEW TRIAL."
 {¶ 17} In her second assignment of error, Appellant maintains that the trial court abused its discretion in denying her motion for new trial.
 {¶ 18} While Appellant argues that she was entitled to a new trial on the basis that the judgment was against the manifest weight of the evidence, see Civ.R. 59(A)(6), and that the judgment was contrary to law, see Civ.R. 59(A)(7), the essence of her argument on appeal is that the court should have granted the motion on the basis that the judgment was against the manifest weight of the evidence presented.
 {¶ 19} Because we have already made the determination in the previous assignment of error that the judgment was not against the manifest weight of the evidence, we need not address this assignment of error, as it has been rendered moot. See App.R. 12(A)(1)(c).
 {¶ 20} Appellant's second assignment of error is overruled.
 III. {¶ 21} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.
[1] Former R.C. 2315.19, repealed April 7, 2003, applies to all tort claims accruing prior to its repeal date. See Notes to current R.C. 2315.19.