OPINION
{¶ 1} This matter is before the court upon a notice of appeal filed by Appellants Brenda Street and Donna Cyphers on November 15, 2004. On October 11, 2004, the Greene County Court of Common Pleas, Probate Division, denied Appellants' motion to remove the fiduciary in this matter, determined that there was no significant evidence that the estate inventory was flawed, and determined that Alan G. Anderson, attorney for the estate's fiduciary, was entitled to a fee of $7,508.71 and costs. For the following reasons, the judgment of the probate court is affirmed.
 I {¶ 2} Mark Shaw, son of Marion Shaw, was appointed executor of Marion Shaw's will following Marion's death on November 12, 2003. There was no objection to the appointment of Mark Shaw as executor, and there was no will contest. The five surviving children of Marion Shaw each received 1/6 of the estate, and the three surviving children of Paul Shaw, deceased son of Marion Shaw, each received 1/3 of their father's 1/6 share. Paul Shaw was originally named as the executor, but following Paul's death, Marion Shaw executed a new will naming Mark Shaw as executor and granting him power of attorney. Appellants Brenda Street and Donna Cyphers, daughters of Marion Shaw, are two of the eight beneficiaries under Marion Shaw's will.
 II {¶ 3} Appellants' first assignment of error is as follows:
 {¶ 4} "THE GREENE COUNTY PROBATE COURT FAILED TO PROVIDE APPELLANT THE OPPORTUNITY TO PRESENT ITS CASE WITH RESPECT TO THE ISSUE OF ATTORNEY'S FEES AND THEREFORE THE COURT'S DECISION AUTHORIZING PAYMENT OF EXTRAORDINARY ATTORNEY'S FEES MUST BE REVERSED."
 {¶ 5} "[T]he burden is upon the attorneys to introduce into the record sufficient evidence of the services, to justify reasonable attorney fees in the amount awarded." In re Estate of Secoy (1984),19 Ohio App. 3d 269, 271. "It is within the right of an executor or administrator to employ counsel to assist him in the common course of his duties and the compensation of such counsel, if found to be reasonable, is a legitimate part of the expense of administration * * *." Id. at 272
(internal citations omitted.)
 {¶ 6} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "`cannot expect or demand special treatment from the judge, who is to sit an as impartial arbiter.'" Id. (internal citations omitted.)
 {¶ 7} "R.C. 2113.36 places exclusive jurisdiction to determine reasonable attorney fees in the probate court. Appeal can only be on questions of law, and the only question before the appellate court is whether the judgment awarding fees is against the manifest weight of the evidence or contrary to law." Secoy, supra, at 274. A judgment is against the manifest weight of the evidence "where the evidence presented weighs heavily in favor of the party opposing the * * * judgment." Kulas v.Jones, Lorain App. No. 04CA008610, 2005-Ohio-4260. "Every reasonable presumption must be made in favor of the judgment and the findings of fact of the trial court." Id. (internal citations omitted.) Further, "a judgment is not against the manifest weight of the evidence simply because conflicting evidence exists before the trier of fact." Id.
(internal citations omitted.) Evidence susceptible of more than one construction must be given the construction "`which is consistent with the * * * judgment.'" Id. (internal citations omitted.) "This is so because evaluating evidence and assessing credibility are primarily for the trier of fact." Id.
 {¶ 8} Mr. Anderson testified at the October 5, 2004 hearing that he charged the estate $150.00 per hour and that the matter required 21.25 hours of work. (Tr. p. 9.) Appellants expressed a concern, but no evidence, that the estate had been charged for work done in regard to a domestic violence charge Mark Shaw filed against Ms. Cyphers. (Tr. p. 12.) Mr. Anderson responded to the court's questions regarding his bill in detail, and he testified that he did not charge the estate for any counsel he may have provided to Mark Shaw. (Tr. p. 18.) The court determined that "the efforts he's billing for were of an asset of benefit to the estate." (Tr. p. 21.)The court provided Appellants the opportunity to question Mr. Anderson, and they declined to do so and instead attempted to testify themselves. (Tr. P. 24-25, 30.) The court instructed them that they were entitled to cross examine the witness but not testify. (Id.)
 {¶ 9} Attorney Andrew Root offered expert testimony on Mr. Anderson's behalf as to the propriety of Mr. Anderson's bill, stating that both the hours and hourly rate were reasonable. (Tr. p. 26.) Appellants declined to cross examine Mr. Root. (Tr. p. 27.)They did not present any witnesses. All of the exhibits that they presented to the court were received and admitted into evidence.
 {¶ 10} Having reviewed the entire record in this matter, including the exhibits and transcript, it is clear that the trial court afforded Appellants ample opportunity to present their case. The court advised Appellants of their right to cross examine Mr. Anderson and Mr. Root, and the judge himself questioned them on Appellants' behalf. Appellants are presumed as a matter of law to know the proper procedure for presenting their own testimony and calling witnesses. The judgment of the trial court awarding Mr. Anderson $7,508.71 is affirmed, and Appellants' first assignment of error is overruled.
 III {¶ 11} Appellants' second assignment of error is as follows:
 {¶ 12} "THE DECISION THAT THE COURT ENTERED ON OCTOBER 11, 2004 FINDING THAT THERE WERE NO FLAWS IN THE INVENTORY FILED DIRECTLY CONTRADICTS THE EVIDENCE PRESENTED WITH RESPECT TO THE INVENTORY FILED AND THEREFORE THE JUDGMENT MUST BE REVERSED."
 {¶ 13} R.C. 2115.02 provides that "the executor * * * shall file with the court an inventory of the decedent's interest in real estate located in this state and of the tangible and intangible personal property of the decedent that is to be administered and that has come to the executor's * * * possession or knowledge." "A hearing of exceptions to an inventory, pursuant to R.C. 2115.16, is a summary proceeding conducted by the probate court to determine whether those charged with the responsibility of filing an inventory have included in the decedent's estate more or less than the decedent owned at the time of his or her death." In re Platt
(2002), 148 Ohio App. 3d 132, 136. The standard of review on appeal of such a proceeding is abuse of discretion. Id. "Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Id.
 {¶ 14} Appellants asserted that the inventory was undervalued by $3,000 worth of household assets, such as guns, tools, a microwave and cash. (Tr. p. 35-38, 56.) They testified that items were thrown away that should not have been. (Tr. p. 62.) The original inventory was later amended to include additional cash. (Tr. p. 41.) Ms. Cyphers testified that the amended inventory was accurate in terms of the cash, but in their brief, Appellants argue that since the "fiduciary did not include cash that was owned by the decedent on the inventory, it could be reasonably concluded that other items were not included on the inventory." [Tr. p. 42, Brief of Appellant, p. 8] Mark Shaw testified that the Decedent had given a bank saw and a drill press to a grandson prior to his death. (Tr. p. 67.) Mark Shaw also testified that the microwave had been thrown away before the decedent died. (Tr. p. 57.) He testified that he took nothing out of the house after his father died. (Tr. p. 46.]
 {¶ 15} Neither party examined Mr. Anderson on this issue. The probate court questioned Appellants extensively about the items they believed to be missing from the inventory and the value of those items. (Tr. 39.) Other than conjecture, the Appellants provided no evidence of specific items of value that were omitted from the inventory. The probate court's attitude was accordingly not unreasonable, arbitrary, or unconscionable in determining that there was no significant evidence that the inventory was flawed. Finding no abuse of discretion, Appellants' second assignment of error is overruled.
 IV {¶ 16} Appellants' third assignment of error is as follows:
 {¶ 17} "THE DECISION DENYING THE APPELLANTS' MOTION TO REMOVE THE FIDUCIARY WAS NOT BASED UPON THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 18} R.C. 2109.24 provides that the probate court may remove a fiduciary who "fails to make and file an inventory as required by section2109.58, 2111.14, and 2115.02 of the Revised Code or to render a just and true account of the fiduciary's administration at the times required by section 2109.301, 2109.302, or 2109.303 of the Revised Code * * *." The probate court may also remove a fiduciary "for * * * neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law." Id. "The removal of the fiduciary, pursuant to R.C. 2109.24, rests within the sound discretion of the trial court, and a reviewing court will not reverse that decision absent a clear showing of abuse of that discretion." In reRussolino (1990), 69 Ohio App. 3d 448, 450.
 {¶ 19} As grounds to remove the fiduciary pursuant to R.C. 2109.24, Appellants contend that Mr. Shaw failed to include all of the Decedent's property on the inventory, disposed of and failed to report personal property that was part of the estate, and failed to amend the inventory as to the cash until the Appellants filed their exceptions to the inventory. We have already determined that the probate court's conclusion that significant evidence did not exist to establish that the inventory was flawed was not an abuse of discretion. Ms. Cyphers testified that the inventory was properly amended to include the additional cash. Accordingly, the probate court did not abuse its discretion in refusing to remove Mr. Shaw as the estate's fiduciary. Appellants' third assignment of error is overruled.
 {¶ 20} Appellants' assignments of error having been overruled, the judgment of the probate court is affirmed.
Brogan, P.J. and Grady, J., concur.