DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas, Probate Division, which denied exceptions to the executors' partial accounting. Because we conclude that the trial court's determinations were supported by the evidence presented and it did not abuse its discretion, we affirm. *Page 2 
 {¶ 2} Appellant, Richard Joseph Thatcher, is one of seven sibling heirs to the estate of Richard J. Thatcher, Sr., whose estate was opened for administration in March 2006. Two of the decedent's children, appellee, James A. Thatcher, and Cheryl L. Thatcher, were designated by the will and appointed as co-executors. Decedent's beneficiaries, his seven children, shared equally in his entire estate. In June 2006, an "Inventory and Appraisal" was filed and a hearing was conducted. After Kathy Garza, a beneficiary, filed exceptions to the inventory, based upon "fraud and concealment of assets," the executors then filed a "Report of Newly Discovered Assets" with the court. After lengthy negotiations involving the attorneys, co-executors, and the beneficiaries, on July 20 and 21, 2006, all beneficiaries signed the following agreement which was filed with the court on July 24, 2006:
 {¶ 3} "The undersigned, legatees named in the Last Will and Testament of Richard James Thatcher, Deceased, and decedent's heirs at law, do hereby consent to the court's approval of the Report of Newly Discovered Assets filed herewith and wave any further exceptions to the Inventory and Appraisal filed in this estate and agree to the approval of the Inventory and Appraisal as augmented by said Report of Newly Discovered Assets."
 {¶ 4} On November 20, 2006, the co-executors filed a partial accounting of the estate. On December 6, 2006, appellant filed exceptions to this accounting, again raising the issue of missing assets in the inventory and objecting to certain attorney fees and other conduct by the executor, James A. Thatcher. The court conducted a hearing on this *Page 3 
matter on January 11, 2006. On January 17, 2006, the court denied appellant's exceptions and approved the partial account, stating that it had heard arguments on the exceptions and also in support of the account, and had reviewed the "Waiver and Consent to Allow a Private Sale filed by all the heirs of the estate of July 28, 2006."
 {¶ 5} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 6} "The denial of appellant's exceptions to the partial account filed 11/20/2006 was an error of law because the court failed to require the appellee to prove the validity of his account."
 {¶ 7} A reviewing court shall not disturb a probate court's determinations regarding inventory assets and attorney fees, absent a showing of an abuse of discretion. In re Estate of Shaw, 2d Dist. No. 2004 CA 111, 2005-Ohio-4743, ¶ 13. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In a review of factual determinations, a trial court will not be reversed where there is some competent, credible evidence going to all essential elements of the case. Sec. Pacific Natl. Bank v.Roulette (1986), 24 Ohio St.3d 17, 20; C.E. Morris Constr. Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 8} Generally, when exceptions challenge the propriety of a credit or disbursement an administrator takes in his account, the burden of establishing the validity of such credit is upon the administrator.Talbott v. Fisk, 10th Dist. Nos. 02AP-427, *Page 4 
02AP-428, 2002-Ohio-6960, ¶ 30, citing to In re Estate of Butler (1940),137 Ohio St. 96, paragraph three of the syllabus; and Steward v.Barry (1921), 102 Ohio St. 129, syllabus. Nevertheless, a party who files exceptions to an accounting has the initial burden of establishing a prima facie case that certain assets existed which were not included in the estate, or that certain expenditures were improper.Talbott, supra, ¶ 31. See, also, Steward, supra, and Bolen v. Humes
(1951), 94 Ohio App. 1, 4 ("Where exceptions are filed to the inventory of a decedent's estate on the ground of noninclusion of specified assets, the burden of proving the existence of such assets is on the exceptor.").
 {¶ 9} In addition, "[settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. * * * Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement." Walther v. Walther (1995), 102 Ohio App.3d 378,383.
 {¶ 10} In this case, we initially note that the court unnecessarily complicated the proceedings by addressing issues from two separate cases together during the hearing held on January 11, 2007. In addition to the exceptions filed on December 6, 2006, appellant had also filed a complaint for concealment of assets in a separate proceeding. The complaint related closely to the same matters contained in appellant's exceptions, alleging that James A. Thatcher had concealed, embezzled, or conveyed away assets that belong to the decedent's estate. *Page 5 
 {¶ 11} At the outset of the January 11, 2007 hearing, the court stated that it proposed to hear matters related to both the exceptions in the main case and to a motion for summary judgment filed in the ancillary case for concealment of assets. The better approach would have been for the trial court to indicate that it was dealing with the matters in each case separately, permitting counsel to address the issues or put on evidence as warranted and then closing the discussion for each case matter. Instead, during the discussion by the court and the attorneys, the two matters became intertwined. This caused some confusion for appellant's counsel, since the purpose for the hearing on each matter was somewhat different. Appellant's counsel did not object, however, or otherwise ensure that the proper evidence was presented.
 {¶ 12} Moreover, we note that appellant's signed consent to the amended inventory and waiver of his right to bring such further exceptions was filed with and accepted by the court in July 2006. Appellant does not argue that this consent was procured by fraud or undue influence. Rather, it appears that some of his exceptions to the accounting relate back to what was in the inventory. Therefore, any challenge to the inventory portion of the accounting was barred by appellant's waiver. Even presuming that appellant's challenge was not barred, he was still required to present some evidence to document his claims that the accounting was improper. We will now determine, based upon what is in the record, whether appellant presented sufficient evidence to meet the initial threshold requirements in support of his exceptions. *Page 6 
 {¶ 13} Appellant filed his exceptions to the partial account on December 6, 2006, unsupported by any admissible evidence, such as an affidavit, deposition testimony, or other documentation of the exceptions. At the hearing on January 11, 2007, the trial court specifically gave appellant the opportunity to present whatever evidence he desired to establish the existence of the allegedly missing assets. Apparently, under the mistaken impression that his mere statements in the pleading were enough to establish appellee's burden of proof, appellant did not offer even his own testimony in support of the exceptions. In order to establish a prima facie case in support of his exceptions, appellant was required to present some actual testimony or evidence. Without such initial evidentiary proof, by merely alleging in a pleading that "mother owned furs, diamond jewelry, and stocks worth millions of dollars," an heir could require an executor to prove a negative, i.e., that such assets never existed. Therefore, even if appellant could have challenged the inventory, he failed to present any evidence which documented the existence of the allegedly missing items.
 {¶ 14} We now turn to the issue of attorney fees in probate proceedings, which is addressed by R.C. 2113.36, which states:
 {¶ 15} "When an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof." *Page 7 
 {¶ 16} "Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable." Watters v. Love (1965),1 Ohio App.2d 571, 578.
 {¶ 17} In this case, attached to each of the two attorneys' requests for payment of fees were itemized lists which detailed the services rendered and specific time amounts spent. One attachment was ten pages long, covered the time period of February to September 2006, and totaled $6,600 (44 hours at $150 per hour). The other fee request, from the primary estate attorney, was 60 pages long, covered the time from February 29, 2006 to August 3, 2006, and totaled $30,120.02 (202.9 hours at $150 per hour plus $168.52 for copies of death certificate, postage, and other costs).
 {¶ 18} Nothing in the record, however, indicates that appellant presented any initial documentation or expert opinion in support of his allegations that these fees were excessive, unreasonable, or unnecessary. As we previously noted, nothing was attached to the pleading, presented at the hearing, or otherwise filed with the trial court to document his objections. Appellant's pleading did nothing more than list his unsupported objections. Consequently, by overruling the exceptions, the trial court implicitly found that no competent credible evidence existed in support of appellant's allegations. Thus, appellee had no burden to prove that any of the claimed assets existed or that the fees were excessive. Therefore, we cannot say that the court abused its discretion in denying appellant's exceptions to the partial accounting. *Page 8 
 {¶ 19} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 20} The judgment of the Fulton County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1