[Cite as *In re Estate of Clonch*, 2021-Ohio-2815.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| ESTATE OF:<br><br>DANNY LYLE CLONCH a.k.a.<br>DANNY L. CLONCH,<br>DECEASED | CASE NO. 2020-T-0079<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Probate Division<br><br><br>Trial Court No. 2018 EST 0747 |

## **O P I N I O N**

Decided: August 16, 2021
Judgment: Affirmed

*Michael D. Rossi*, Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Appellant, Jarod M. Clonch).

*Daniel P. Thomas*, Delbene, Lapolla & Thomas, 155 Pine Avenue N.E., P.O. Box 353, Warren, OH 44482 (For Appellee, Jeffrey W. Thomas, Administrator WWA of the Estate of Danny Clonch, Deceased).

*Carol A. Sopkovich*, Martin F. White Co., LPA, 156 Park Avenue, N.E., P.O. Box 1150, Warren, OH 44482, and *H. Gilson Blair*, 154 North Park Avenue, N.E., Warren, OH 44481 (For Appellee, Theresa R. Clonch).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jared M. Clonch, appeals from the judgment of the Trumbull County Court of Common Pleas, Probate Division, denying exceptions filed to the inventory of the estate of the decedent, Danny L. Clonch ("decedent"), appellant's father. At issue is whether the trial court properly accepted the appraised value of decedent's

real estate, set forth in the inventory's schedule of assets. For the reasons below, we affirm.

{¶2} Appellee, Jeffrey W. Thomas, Administrator WWA of the Estate of the decedent, filed an inventory on July 10, 2019, and appellant filed five exceptions to the inventory. After a hearing on the exceptions to the inventory took place, the probate court issued the March 3, 2020 judgment entry and ordered the fiduciary to amend the inventory within 14 days to include two motor vehicles transferred to the surviving spouse and to include the decedent's golf cart. In that entry, the court also overruled all remaining exceptions to the inventory. On March 19, 2020, the amended inventory was filed with the probate court.

{¶3} Appellant appealed but, in *Estate of Clonch*, 11th Dist. Trumbull No. 2020-T-0017, 2020-Ohio-3938, this court dismissed the appeal for lack of a final, appealable order. This court concluded the probate court had not approved the inventory or amended inventory and thus, the order was not yet final and appealable. On remand, the trial court approved the amended inventory and appraisal of the decedent's real estate on October 1, 2020. Appellant now appeals the March 3, 2020 entry, which approved the fiduciary's $58,000 appraisal of the real estate at issue. Appellant assigns the following as error:

{¶4} "The trial court erred in overruling the exception to the inventory relating to the value of the Estate's real estate."

{¶5} During the hearing on exceptions to inventory, two real estate appraisers testified to their respective opinions on the fair market value of the real estate. Appellant's appraiser, Jeff Morganstern, opined the property had a value, on the date of decedent's death, of $109,500. Alternatively, appellees' appraiser, Barry Dunaway, set the property's

2

value at $58,000. Appellant contends the trial court erred in accepting Mr. Dunaway's opinion because he evaluated the property on June 7, 2019. Statutorily, the value must be assessed as of the date of the decedent's death, June 17, 2018. Because Mr. Dunaway's opinion valued the property nearly a year after the death, appellant argues the trial court erred in approving his appraisal over Mr. Morganstern's, whose appraisal was retroactively adjusted to reflect his opinion of the property's value in June 2018.

{¶6} A hearing on exceptions to an inventory is a summary proceeding to determine whether the inventory included more or less than the decedent owned at the time of his death. *In re Estate of Etzensperger*, 9 Ohio St.3d 19, 21 (1984). We review a probate court's decision on an inventory hearing under an abuse-of-discretion standard. *In re Estate of Platt,* 148 Ohio App.3d 132, 2002-Ohio-3382, ¶13 (11th Dist.).

{¶7} R.C. 2115.02 provides, in relevant part:

{¶8} Within three months after the date of the executor's or administrator's appointment, * * * the executor or administrator shall file with the court an inventory of the decedent's interest in real property located in this state and of the tangible and intangible personal property of the decedent that is to be administered and that has come to the executor's or administrator's possession or knowledge. *The inventory shall set forth values as of the date of death of the decedent.* (Emphasis added.)

{¶9} The court premised its judgment on Mr. Dunaway's more thorough inspection of the real estate at issue. The court emphasized that Mr. Dunaway performed both an inside and external inspection of the home, while Mr. Morganstern only did an exterior "drive-by" appraisal.

{¶10} According to Mr. Dunaway's testimony, the interior of the residence was in significant disrepair. Mr. Dunaway stated: "It's in extremely rough condition. It has no evidence of being well maintained. What upgrades and routine maintenance has been

3

done is not very professional. It's just [in] a very, very rough condition, both inside and out." Mr. Dunaway pointed out that, even though the house was listed as having three bedrooms, the occupants had engaged in a makeshift modification that eliminated one bedroom in order to modify access to the home's restroom. In his view, this modification was "very unorthodox" and likely unappealing to a future buyer. He also noted his concerns relating to the house's heat source. To wit, the home had ostensibly defunct base-board heat units hanging off the wall and there were no other "forced-air" heat mechanisms in the home; the only apparent heat source was a wood-burning stove. Moreover, Mr. Dunaway expressed concern about the realistic possibility that the home's septic system may need either updated or replaced. All of these points influenced Mr. Dunaway's valuation. In accepting his appraisal, the court observed:

{¶11} Although counsel [for the exceptor] raised doubts as to the valuation of the real estate by the fiduciary's expert, the failure of the exceptor's expert to obtain access to the inside of the premises failed to produce in the mind of the trier of fact a firm belief or conviction as to the value of the real property as sought by the exceptor. Therefore, the exception relating to the value of the real estate is overruled.

{¶12} While we acknowledge, as did Mr. Dunaway, that his appraisal was issued nearly a year after the death of the decedent, he testified that, had he assessed the property a year prior, there would be no significant difference. He testified the values would be the same or very close because there was no significant change in the market between June 2018 and June 2019. In effect, we conclude this testimony suffices to connect Mr. Dunaway's appraisal to the required statutory valuation timeframe. Indeed, we see no meaningful difference between Mr. Dunaway's testimony and Mr. Morganstern's retroactive assessment (Mr. Morganstern's original appraisal occurred in July 2019, but he did a retrospective assessment to provide statutory compliance). In light

4

of the contextual differences between Mr. Dunaway's and Mr. Morganstern's relative appraisals, *and* Mr. Dunaway's testimony that his appraisal would have been essentially the same had he assessed the property in June 2018, we conclude the trial court did not abuse its discretion in overruling appellant's exception.

{¶13} Appellant's assignment of error lacks merit.

{¶14} For the reasons discussed above, the judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.


MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.

5