OPINION
{¶ 1} Appellant, John J. DiCenso, Administrator of the Estate of Toni M. Sarantino, ("the decedent"), appeals from the June 10, 2005 judgment entry of the Trumbull County Court of Common Pleas, Probate Division, compelling him to sign and provide authorization forms to Attorney Martin F. White ("Attorney White") to enable him to obtain the decedent's medical, school, and employment records.[1]
 {¶ 2} On November 16, 2004, appellant filed an "Application For Authority To Administer Estate" of the decedent, who died intestate on October 19, 2004.[2] Also on November 16, 2004, the decedent's mother, Mary E. Sarantino ("Mary Sarantino"), and the decedent's sisters, Angela E. Sarantino and Maryann DiCenso, filed a "Waiver Of Right To Administer." On December 16, 2004, the trial court appointed appellant as administrator of the decedent's estate.
 {¶ 3} By applications filed December 27, 2004, appellee and Maryann DiCenso separately pursued the appointment of themselves as guardian of the minor children. However, they ultimately agreed to the appointment of a third party.[3]
 {¶ 4} On February 4, 2005, Mary Sarantino filed a wrongful death action in the Missouri Circuit Court, Twenty-Second Judicial Circuit, Case No. 052-476, against American Airlines, Incorporated, RegionsAir, Incorporated, AMR Corporation, and Trans States Airlines, Incorporated.[4]
 {¶ 5} On February 7, 2005, the minor children, by and through their father and next friend, appellee, filed a wrongful death action in the United States District Court, Eastern District of Missouri, Eastern Division, Case No. 4:05-CV-00245-JCH, against Corporate Airlines, Incorporated, RegionsAir, Incorporated, and American Airlines, Incorporated.[5]
 {¶ 6} On April 29, 2005, Attorney White, on behalf of appellee and the minor children, filed a motion to compel appellant to sign authorizations for the release of the decedent's medical, school, and employment records. On May 27, 2005, appellant filed a memorandum in opposition to appellee's motion to compel. A hearing was held on May 27, 2005.
 {¶ 7} Pursuant to its June 10, 2005 judgment entry, the trial court determined that the information requested by Attorney White is necessary for the preparation of the wrongful death case and in the best interests of the minor children. The trial court ordered appellant to sign and provide authorization forms to Attorney White to enable him to obtain the decedent's medical, school, and employment records. The trial court indicated that Attorney White is authorized to use and/or disseminate any and all financial and school records obtained with the authorization in the preparation of the wrongful death case. The trial court ordered Attorney White to not disseminate any of the decedent's medical or financial records without first obtaining authorization from the trial court in this matter. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:[6]
 {¶ 8} "The trial court erred in issuing an order compelling [appellant] to sign authorizations releasing private and confidential information pertaining to the decedent."
 {¶ 9} In his sole assignment of error, appellant argues that the trial court erred and abused its discretion by ordering him to sign authorizations releasing private and confidential information regarding the decedent to Attorney White. He stresses that Attorney White is not a real party in interest or a person with capacity to prosecute a wrongful death action because Attorney Daugherty was appointed guardian for the minor children.
 {¶ 10} R.C. 2101.24(A)(1)(c) grants the probate court exclusive jurisdiction to direct and control the conduct of executors and administrators in the administration of a decedent's estate. Appellate courts review decisions of the probate court under an abuse of discretion standard of review.In re Brockman, 160 Ohio App.3d 112, 2005-Ohio-1333, at ¶ 12. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In the case at bar, again, the decedent died in a commercial airline crash that occurred in Missouri. Prior to the appointment of Attorney Daugherty as guardian, the minor children, by and through their father and next friend, appellee, filed a wrongful death action in the United States District Court, Eastern District of Missouri, Eastern Division. Missouri law provides that a wrongful death action may be brought by the spouse, children, mother, or father of the decedent. The Missouri wrongful death statute, R.S.Mo. 537.080, provides in part:
 {¶ 12} "1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
 {¶ 13} "(1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive[.]"
 {¶ 14} In the instant matter, the issue is not whether appellee in the Missouri action is the proper party to prosecute the case. That question is for the United States District Court, Eastern District of Missouri, Eastern Division, to decide. Rather, the issue before this court is whether the trial court abused its discretion by ordering appellant to sign authorization forms so that Attorney White, who was retained by both appellee and the guardian for the minor children, Attorney Daugherty, may prepare a wrongful death claim for the benefit of the minor children. Based on the record, we do not believe that the trial court erred or abused its discretion by compelling appellant to sign and provide authorization forms to Attorney White to enable him to obtain the decedent's medical, school, and employment records. We agree with the trial court that the information requested is in the best interests of the minor children, the beneficiaries of the decedent's estate.
 {¶ 15} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas, Probate Division, is affirmed.
Grendell, J., O'Toole, J., concur.
[1] Attorney White is the representative of appellee, Donald R. Mayer, Jr.
[2] The decedent died as the result of injuries sustained in a commercial airline crash that occurred near Kirksville, Missouri. She left behind two children, Adam Daniel Mayer, d.o.b. July 8, 1995, and Aaron Michael Mayer, d.o.b. September 12, 1998, ("the minor children"). There is no surviving spouse. The decedent was married to appellee, and they were divorced by dissolution on October 30, 2001. The minor children reside with appellee, their natural father.
[3] On May 6, 2005, the trial court appointed Attorney Teresa Rice Daugherty ("Attorney Daugherty") as guardian for the estate of the minor children. Both appellee and Attorney Daugherty retained Attorney White to represent the minor childrens' interest in claims arising from the wrongful death of the decedent.
[4] Mary Sarantino's counsel is Attorney William Hawal. The action is currently pending.
[5] Filed simultaneously with the complaint was a motion for appointment of next friend, requesting that appellee be appointed next friend of the minor children, which was granted by the trial court. The minor childrens' and appellee's representative is Attorney White. The action is currently pending.
[6] On June 16, 2005, appellant filed a motion in the trial court to stay the judgment pending appeal. On June 28, 2005, appellee filed a memorandum in opposition in the trial court to appellant's motion for stay. A hearing was held on June 28, 2005. Pursuant to its June 29, 2005 judgment entry, the trial court denied appellant's motion. On July 27, 2005, appellant filed a motion for stay with this court. Pursuant to our July 29, 2005 judgment entry, we ordered that the execution of the order to release the information in question as ordered in the trial court's June 10, 2005 judgment entry is temporarily stayed. On August 11, 2005, appellee filed with this court a response to appellant's motion for stay. On October 26, 2005, this court issued a judgment entry, granting appellant's motion to stay the execution of the appealed judgment. We ordered that our prior stay order shall now remain in effect during the entire pendency of this appeal. This court determined that appellee shall not take any steps to execute the appealed judgment and obtain the disputed confidential information.