JOURNAL ENTRY AND OPINION
{¶ 1} On May 19, 2005, plaintiffs-appellants Sadie Washington ("Washington") and Pamela Martin ("Martin"), filed a complaint for declaratory judgment in probate court against the following defendants-appellees: KeyBank, N.A. ("KeyBank"), Blandon James ("Blandon"), Chester James ("Chester"), and Rita Robinson ("Robinson"). Blandon and Chester, although named defendants, did *Page 3 
not participate in the instant case while pending at the trial court, nor have they participated on appeal.
 {¶ 2} On September 22, 2005, plaintiffs-appellants amended their complaint. On March 3, 2006, Robinson filed a motion for sanctions.
 {¶ 3} On March 16, 2006, the magistrate tried the case as to plaintiffs-appellants' complaint for declaratory judgment and Robinson's motion for sanctions. On April 13, 2006, the magistrate issued her decision and found the following: First, the KeyBank account at issue is not a joint account with rights of survivorship, but merely a joint account; second, Robinson is entitled to $21,774.41 of the KeyBank account proceeds, and the balance belongs to the estate of Burrel Davis; third, that Wright v. Bloom, 69 Ohio St.3d 596, 1994-Ohio-153, is inapplicable to the case sub judice; fourth, the magistrate overruled Robinson's motion for sanctions.
 {¶ 4} Both parties filed objections to the magistrate's decision and the trial court found the following: First, the KeyBank account at issue is a joint account with rights of survivorship; second, Robinson is entitled to all of the proceeds in the KeyBank account; third,Wright is applicable to the case sub judice; and fourth, the trial court sustained the magistrate's decision as to Robinson's motion for sanctions.
 {¶ 5} The facts giving rise to the instant case began on February 23, 2003, when Burrel Davis ("Davis") died testate. Davis was survived by two daughters, Robinson and Washington. Glorace James ("James"), Davis' third daughter, *Page 4 
predeceased Davis. James was survived by three children: Martin, Blandon and Chester.
 {¶ 6} Pursuant to Davis' will, Robinson acted as executrix of Davis' estate. Additionally, Davis' will indicated that his estate was to be divided equally among his three daughters.
 {¶ 7} In addition to Davis' testate estate, Davis left two KeyBank savings accounts: the first account ending in 6909, and the second account ending in 6170.
 {¶ 8} Davis and Washington opened savings account 6170 as a joint account with rights of survivorship. Upon Davis' passing, Washington closed the account and divided the proceeds of the account in thirds: one third to herself, one third to Robinson, and one third to James' children. Washington believed that it was her father's intention to distribute the proceeds of the account equally, despite the account's designation as "joint with rights of survivorship."
 {¶ 9} Davis and Robinson opened savings account 6909 in 1981 with Ameritrust Bank. Ameritrust was later purchased by Society Bank. KeyBank thereafter purchased Society Bank and housed Davis and Robinson's joint account. The original signature card and account agreement are missing. However, the account agreement published shortly before Davis' death is part of the record and available for our review. *Page 5 
 {¶ 10} Plaintiffs-appellants' complaint for declaratory judgment asked the trial court to declare that account 6909 is not a joint account with rights of survivorship but rather, a joint account and part of Davis' estate. Conversely, Robinson contends that account 6909 is a joint account with rights of survivorship and, thus, she is entitled to all the proceeds in the account.
 {¶ 11} Plaintiffs-appellants timely appealed the decision of the trial court and asserted five assignments of error for our review. All five assignments of error are interrelated and part of the trial court's single declaratory judgment. Therefore, we review all five assignments of error pursuant to an abuse of discretion standard.
 {¶ 12} R.C. 2101.24(A)(1)(c) grants exclusive jurisdiction to probate courts to control the conduct of executors and to administer a decedent's estate. Ohio courts apply an abuse of discretion standard for reviewing declaratory judgment actions and all decisions by the probate court. Mid-American Fire Cas. Co. v. Heasley, 113 Ohio St.3d 133,2007-Ohio-1248; Estate of Toni M. Sarantino, Trumbull App. No. 2005-T-0071, 2006-Ohio-3641. An "`abuse of discretion' is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 13} We review plaintiffs-appellants' five assignments of error out of order for purposes of organization. We also review plaintiffs-appellants' second and third assignments of error together.
ASSIGNMENT OF ERROR NUMBER TWO *Page 6 
 "It was error for the Trial Court to sustain Appellee Robinson's objections and find that KeyBank Acct. No. * * * 6909 was a valid joint and survivorship account with proceeds payable to Appellee Robinson."
ASSIGNMENT OF ERROR NUMBER THREE
 "It was error for the Trial Court to find that there was a presumption of a valid joint and survivorship account where there was no evidence that the account in question was opened as a joint and survivorship account."
 {¶ 14} Plaintiffs-appellants argue that the trial court erred in declaring that account 6909 was a joint account with rights of survivorship and that Robinson was entitled to the proceeds of the account. Plaintiffs-appellants also argue that the trial court erred in presuming that account 6909 was a joint account with rights of survivorship. We disagree.
 {¶ 15} The parties, including KeyBank, were unable to locate the original signature card or the original account agreement. However, the absence of a signature card does not create a presumption that an account is a joint account without rights of survivorship. MacDowell v.DeCarlo, Summit App. No. 23281, 2007-Ohio-249.
 {¶ 16} Additionally, Colleen Eckert ("Eckert"), employee of KeyBank and its predecessors for over thirty years, served as a witness. Although Eckert did not work at Ameritrust Bank when Davis and Robinson opened their accounts, she did work for Society Bank when the two banks merged. Eckert testified as follows:
 "Q For your purposes does it matter, based on your rules and regulations, whether or not the agreement that the client had or *Page 7 
the customer had with Ameritrust was rights of survivorship when Key Bank assumes that account?
 A Right, when we merged we were made aware — when we merged with Society Bank and Ameritrust all the accounts were brought together, we were made aware that they were joint with rights of survivorship.
 Q So there was actually no change in the account in terms of ownership that you're aware of in this case?
 A Correct.
 Q Or the survivorship right?
 A Correct.
 Q So throughout the entire time you've had to take a look at this you haven't found any evidence to the contrary?
 A Correct."
Thus, Eckert's testimony establishes that account 6909 was opened as a joint account with rights of survivorship.
 {¶ 17} Additionally, we are in possession of the last agreement published by KeyBank prior to Davis' death, namely, the Deposit Account Agreement and Funds Availability Policy ("Agreement") dated December 14, 2001. The plain language of the Agreement states: "This agreement governs all Accounts you maintain with us." The Agreement does not include any exceptions or exemptions to the aforementioned statement. *Page 8 
 {¶ 18} The Agreement also contains a provision for joint accounts, which states: "For Personal Accounts, if there are more than one of you, your Accounts are `joint accounts.' All deposits in joint Accounts are the property of each owner as joint tenants with rights of survivorship." Lastly, "[w]hen any owner dies, the amounts on deposit in the joint Account pass to the surviving owners." Thus, in reading the plain language of the Agreement, account 6909 is a joint account with rights of survivorship and all amounts on deposit in account 6909 pass to the surviving owner, Robinson, upon Davis' death.
 {¶ 19} "[T]he mere fact that the decedent established joint and survivor bank accounts is evidence sufficient to demonstrate that the decedent intended for appellant to have the money in the accounts upon her [decedent's] death." In the Matter of Estate of Hedwig Mayer,Deceased (1995), 105 Ohio App.3d 483. Had Davis intended the account to serve as a joint account without rights of survivorship, he had the option at the account opening and an opportunity each time he received an updated account agreement to go to the bank with Robinson and change the account terms to effectuate his intent. As such, the fact that Davis established account 6909 as a joint account with rights of survivorship is sufficient evidence to demonstrate that Davis intended Robinson to have the money in the account upon his death. *Page 9 
 {¶ 20} In light of the foregoing, we find that the trial court did not act unreasonably, arbitrarily or unconscionably. Plaintiff-appellants' second and third assignments of error are overruled.
ASSIGNMENT OF ERROR NUMBER ONE
 "It was error for the Trial Court to base its decision on Wright v. Bloom (1994), 60 [sic] Ohio St.3d 596 where there was no evidence that the account in question was opened as a joint and survivorship account and all evidence indicated that the owners of the account intended the same to be simply a joint account, without rights of survivorship."
 {¶ 21} Plaintiffs-appellants argue that the trial court erred in applying Wright because in Wright there was no dispute that the account at issue was opened as a joint and survivorship account. However, pursuant to our analysis of plaintiffs-appellants' second and third assignments of error, we find that account 6909 was a joint account with rights of survivorship. Therefore, the trial court did not abuse its discretion in applying Wright to the instant case. Wright held as follows:
 "1. The survivorship rights under a joint and survivorship account of the co-party or co-parties to the sums remaining on deposit at the death of the depositor may not be defeated by extrinsic evidence that the decedent did not intend to create in such surviving party or parties a present interest in the account during the decedent's lifetime.
 2. The opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the *Page 10 
surviving party or parties a survivorship interest in the balance remaining in the account at his or her death.
 3. The opening of a joint or alternative account without a provision for survivorship shall be conclusive evidence, in the absence of fraud or mistake, of the depositor's intention not to transfer a survivorship interest to the joint or alternative party or parties in the balance of funds contributed by such depositor remaining in the account at his or her death. Such funds shall belong in such case exclusively to the depositor's estate, subject only to claims arising under other rules of law." Wright, at paragraphs one, two and three of the syllabus. {¶ 22} In the instant case, plaintiffs-appellants provided no evidence of fraud,
duress, undue influence, or lack of capacity by Davis upon the account opening as required by Wright.
 {¶ 23} Thus, the trial court did not abuse its discretion in applyingWright to this case.
 {¶ 24} Plaintiffs-appellants' first assignment of error is overruled.
ASSIGNMENT OF ERROR NUMBER FOUR
 "It was error for the Trial Court to employ a clear and convincing standard of evidence against Appellants where the proper standard was preponderance of the evidence."
 {¶ 25} The trial court did not err in applying a clear and convincing evidentiary standard. The Ohio Supreme Court held that clear and convincing evidence standard is the required burden of proof in a survivorship case. See Wright, supra. Therefore, the trial court did not abuse its discretion in applying a clear and convincing evidentiary standard.
ASSIGNMENT OF ERROR NUMBER FIVE
 "It was an abuse of discretion for the Trial Court to overrule Appellants' Objections to the April 13, 2006 Report of Magistrate where Appellants *Page 11 
provided overwhelming evidence that all funds in the account were deposited by the decedent and the surviving joint account owner either did not contribute any of her own funds to the account or, if she didn't, intended such deposits to be a gift to the decedent."
 {¶ 26} The trial court did not abuse its discretion in overruling defendants-appellants' objections to the magistrate's decision issued April 13, 2006. Evidence that Davis deposited all funds in account 6909 is inapposite to the outcome of this case. "We hold that survivorship rights under a joint and survivorship account of the co-party or co-parties to the sums remaining on deposit at the death of the depositor may not be defeated by extrinsic evidence that the decedent did not intend to create in such surviving party or parties a present interest in the account during the decedent's lifetime."Wright, supra. A review of whether Davis or Robinson deposited funds into account 6909 and in what proportion is relevant only if we were reviewing a joint account without rights of survivorship. Therefore, it was not an abuse of discretion to overrule plaintiffs-appellants' objections to the magistrate's decision issued April 13, 2006.
 {¶ 27} Plaintiffs-appellants' fifth assignment of error is overruled.
 {¶ 28} Judgment of the trial court is affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE
KENNETH A. ROCCO, P.J., CONCURS, MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY *Page 1